

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George C. Betts, Director
Veterans' State Service Office
Land Office Building
Austin, Texas

Dear Sir:

Opinion No. 0-4794
Re: Article 1939a, V. A. C. S.,
(H. B. 1004, 46th Leg.) does
not apply to World War II
veterans and their dependents.

On October 24, 1942, you addressed the following inquiry to this department:

"House Bill No. 1004, Article 1939a, Section I, enacted by the 46th Legislature in 1939 provides that all County Clerks, District Clerks and other officials, are required to issue without cost any form of certificate or any copy or copies of instruments necessary to prove the facts in establishing any claim or claims of ex-service men of the Federal government.

"The Bill further provides that all of the provisions of Section I shall insure to the heirs at law of such ex-service men, where the proof is necessary to establish the claims emanating through or under such ex-service men.

"QUESTION: Whether the provisions of House Bill No. 1004 include ex-service men and their heirs, of World War II?

"I should like very much to have an opinion rendered by your department on this subject at your earliest convenience."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We answered your inquiry by sending you a copy of opinion No. O-4820 of this department.

On October 30, 1942, we received another communication from you relative to this matter. We quote from your letter as follows:

"I am in receipt of your letter of October 29 enclosing a carbon copy of letter addressed to Honorable Melvin Combs, County Attorney, Jefferson County, Beaumont, Texas, relative to Opinion No. O-4820. You stated that this answers the question submitted in my letter of October 24.

"The subject of Mr. Melvin Combs' inquiry is the same as mine, but the application of the law in your answer to him pertains to the 'Servicemen's Dependents Allowance and Allotment Act of 1942', whereas my question requires an interpretation of the word 'World War'; whether the term is inclusive of both World War I and World War II, or limited specifically to World War I. The Allowance and Allotment Act relates to an apportionment of the World War II veterans' service pay, while my inquiry relates to death compensation, insurance, etc., of both World War I and World War II veterans and their dependents.

"I will appreciate an opinion from your department as to whether the word 'World War' in Article 1939a covers both World War I and World War II.

". . . ."

Article 1939a, Vernon's Annotated Texas Civil Statutes reads in part as follows:

"Section 1. That from and after the effective date of this Act, all County Clerks, District Clerks, and other officials in this State who are required to issue any form of certificate or any copy or copies of instruments necessary as proof to establish any claim or claims of any ex-service men of the Federal Government, shall issue such certificate, and likewise certified copies of any instrument necessary to prove any fact or establish any claim of such ex-service men, free of any

Honorable George C. Betts, Director, Page 3

charge, and shall include the establishing of com-
pensation status, and any other necessary fact to
be established to aid and assist such ex-service
men in completing the record of such service when
necessary or required in the establishment of claims
and necessary service status, in either the World
War, the Spanish-American War, or any other active
service, where such service was rendered, and where
the person would, on proper proof, be entitled to
compensation, insurance, or any other form of ad-
justed settlement for service rendered to the United
States Government by such ex-service men. The
County Clerk, District Clerk, or other officials
issuing such certificates or certified copies of
instruments, shall not be liable for any settle-
ment for any such reduction, and the same shall
not be counted as fees collected and chargeable to
such office, and shall form no part of the maximum
fees of such office. All of the provisions of Sec-
tion 1 hereof, shall inure to the heirs at law of
such ex-service men, where the proof is necessary
to establish the claim emanating through or under
such ex-service men.

"Sec. 2. Ex-service men, as meant in this Act,
shall include all those persons recognized by the
United States Government as being entitled to ad-
justment compensation, or other form of settlement
for service in time of war. Acts 1939, 46th Leg.,
p. 329."

The caption of the act reads as follows:

"An Act providing and directing County Clerks,
District Clerks and other officials to issue cer-
tificates and certified copies of instruments in
their respective offices to ex-service men of the
World War and the Spanish-American War where such
certificates and copies of instruments are neces-
sary to be used for furthering claims and estab-
lishing proof of such ex-service men to such claims
for compensation, or other claims to be established,
defining ex-service men; repealing all laws and
parts of laws in conflict herewith; and declaring
emergency."

Honorable George C. Betts, Director, Page 4

Opinion No. O-4820 of this department, a copy of which has already been sent to you, construes Article 1939a, supra. We quote from said opinion as follows:

"After carefully considering Article 1939a, supra, in connection with the caption of the act creating it, you are respectfully advised that it is the opinion of this department that said act was intended to apply only to ex-service men of the World War and the Spanish-American War.

"In connection with the foregoing we have carefully considered the 'Servicemen's Dependents Allowance Act of 1942' (Chapter 443-2d Session; Public Law 625-77th Congress) and do not believe or think that such act has any application to the questions under consideration.

"You are further advised that the fees collected for the above mentioned services should be deposited in the officer's salary fund as required by Section 5 of Article 3912e, Vernon's Annotated Civil Statutes."

Article 1939a, supra, was enacted by the Forty-sixth Legislature and became effective April 27th, 1939. Section 3 of the act repeals all conflicting laws and parts of laws and Section 4 declares an emergency and provides that the act should take effect from and after its passage. Such act was enacted several months prior to Germany's invasion of Poland, in September, 1939, and was enacted more than two and one-half years prior to the entrance of the United States in the present World War.

Specifically answering your question it is our opinion that the term "World War" as used in Article 1939a, V. A. C. S. is limited to World War I. It does not include the present World War.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

APPROVED NOV 9, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:mp

APPROVED OPINION COMMITTEE BY CHAIRMAN